IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIVIDAD SILVA, JR., #23368-077, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:10-CV-0906-G |
| | § | |
| M. CRUZ, Warden FCI Seagoville, | § | |
|     Respondent.[1] | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief filed by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner Natividad Silva, Jr., is currently confined within the Federal Bureau of Prisons at the Federal Correctional Institution (FCI) in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. The court did not issue process in this case.

Statement of the Case: Petitioner filed this action challenging the "condition[s] of his confinement" at FCI Seagoville. (Pet. at 1.) He alleges that prison officials have "moved to 'retaliate' against his person for exercising his rights under the First Amendment 'access to

---

[1] The court has modified the caption to reflect the Warden at FCI Seagoville as the Respondent in this action. The proper respondent to a habeas petition under § 2241 is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 2717 (2004).

court' and placed him in segregation as a 'threat assessment' – pending an investigation in violation of the Eighth Amendment . . . cruel and unusual punishment, [and] Fifth Amendment . . . Due Process" Clause. (*Id.*)  Petitioner requests "the immediate termination of retaliation" again him, "release from segregation," and an order barring Defendants from transferring him from FCI Seagoville due to his legal activities.[2]  (*Id.*)

Findings and Conclusions:  Although Plaintiff designates his initial pleading in this case as a "Writ of Habeas Corpus," the body of his pleading makes clear that he seeks to challenge the conditions of his confinement, a matter not cognizable in a federal habeas corpus proceedings.  Courts have long recognized that habeas corpus actions are the proper vehicle to challenge only the fact or duration of confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("A habeas petition . . . is the proper vehicle to seek release from custody."); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).  Attacks on the conditions of confinement are not cognizable in a habeas petition.  *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994).  If "a favorable determination [on the habeas claims] would not automatically entitle [the prisoner] to accelerated release" he may not utilize *habeas corpus* procedures and must instead vindicate his rights through a properly filed civil rights proceeding.  *Carson*, 112 F.3d at 820-21 (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam)).

---

[2]  Petitioner did not pay the $5 filing fee or submit a motion to proceed *in forma pauperis.*  Since his claims are not cognizable in a habeas corpus proceedings, and he presently has a civil rights action pending before the District Court, *see infra*, the court does not require him to pay the filing fee or submit a motion to proceed *in forma pauperis* in this case.

Petitioner's retaliation and Fifth and Eighth Amendment claims relate to the conditions of his confinement. Petitioner does not allege that his placement in SHU has had any effect on the *duration* of his confinement. As such, he is not entitled to habeas relief. *See Dixon v. Hastings*, 202 Fed. Appx. 750, 752 (5th Cir. 2006) (unpublished per curiam) (placement in administrative segregation had no effect on the duration of confinement and, thus, would not entitle prisoner to habeas relief even if it were the result of retaliatory conduct). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976).

In filing this action as a habeas corpus petition, it appears Petitioner has attempted to avoid application of the Prison Litigation Reform Act (the "PLRA"), specifically 28 U.S.C. § 1915(g), which bars a prisoner from proceeding *in forma pauperis* in a civil rights case if he has accrued three-strikes. *See Silva v. BOP, et al,* 3:10-CV-0168-D (N.D. Tex. Mar. 8, 2010) (adopting findings, conclusions and recommendation) (Fitzwater, J.) (holding Petitioner was barred by three strikes because he was not under imminent danger of serious physical injury as a result of his placement in SHU). Petitioner has now paid the $350.00 filing fee, and No. 3:10-CV-0168-D remains pending in the district court. *Id.*

3

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED because Petitioner challenges the conditions of his confinement which are not cognizable in a habeas corpus proceedings.

Signed this 18th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.